JPMorgan Chase Bank, N.A. v Executor of the Estate of Lerner (2020 NY Slip Op 05855)





JPMorgan Chase Bank, N.A. v Executor of the Estate of Lerner


2020 NY Slip Op 05855


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Renwick, J.P., Oing, Singh, Moulton, JJ. 


Index No. 850171/13 Appeal No. 11395-,11395A Case No. 2019-4179 

[*1]JPMorgan Chase Bank, N.A., Plaintiff-Respondent,
v
The Executor of the Estate of Rita Lerner, et al., Defendants, Lynn D. Salvage, Also Known as Lynn Salvage, Defendant-Appellant.


Law Office of Susan Pepitone, Forest Hills (Susan Pepitone of counsel), for appellant.
Parker Ibrahim & Berg LLP, New York (Daniel A. Schleifstein of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered April 17, 2019, to the extent it granted plaintiff's motion for summary judgment on its foreclosure claim and striking defendant Salvage's affirmative defenses and counterclaims and denied defendant's cross motion to dismiss the complaint or stay plaintiff's motion, and order, same court and Justice, entered July 16, 2019, which denied defendant's motion for recusal, unanimously affirmed without costs as to the striking of the affirmative defenses and counterclaims, and the appeal from these orders otherwise dismissed, without costs, as moot.
Plaintiff's foreclosure claim is moot, as the parties have entered into a loan modification agreement.
The motion court properly denied defendant's request for a stay pending this Court's decision on a prior appeal (see JPMorgan Chase Bank, N.A. v Salvage, 171 AD3d 438, 439 [1st Dept 2019]). We ruled in that decision that defendant's counterclaims should not have been dismissed pursuant to CPLR 3215(c), noting, inter alia, that defendant had demonstrated that they were potentially meritorious (see id.). However, after our decision was issued the motion court evaluated plaintiff's arguments made in its summary judgment motion concerning the infirmities of the counterclaims and related affirmative defenses and correctly found that the counterclaims and affirmative defenses lacked merit.
The motion court providently denied defendant's recusal motion (see MSMC Residential Realty LLC v Himani, 162 AD3d 599 [1st Dept 2018]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020